UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Michael Bradley,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC,<br><br>　　　　　　Defendant. | Case No. 2:25-cv-01045-APG-DJA<br><br>**Order** |

　　　Before the Court is the parties' proposed discovery plan with competing proposed discovery schedules (ECF No. 29), Plaintiff's motion to compel Defendant to produce its initial disclosures (ECF No. 31), and Plaintiff's motion for protective order to stay his deposition pending Defendant producing compliant initial disclosures (ECF No. 35). Each of the items contains certain deficiencies. So, the Court denies them each without prejudice.

　　　First, the parties' proposed discovery plan contains two different schedules, one proposed by Plaintiff and one proposed by Defendant. However, the parties do not include a statement of each party's position on each point in dispute as required by Local Rule 26-1(a) in cases such as this one "in which the parties disagree on the form on contents of the discovery plan." Additionally, the parties each propose a discovery schedule that does not conform with Local Rule 26-1(b), but they do not provide a statement of why longer of different time periods should apply to the case as required by Local Rule 26-1(a). For example, both parties request a fact discovery deadline and a deadline for all other discovery even though Local Rule 26-1(b)(1) contemplates only one discovery deadline. Both parties also request an interim status report deadline, even though Local Rule 26-1(b) does not contemplate that deadline. Finally, the deadlines the parties propose do not follow the typical progression outlined by Local Rule 26-1(b). Given these deficiencies, the Court denies the proposed discovery plan without prejudice.

Second, Plaintiff's motion to compel and motion for protective order fail to show that Plaintiff properly met and conferred as required by Federal Rule of Civil Procedure 37(a)(1), Federal Rule of Civil Procedure 26(c)(1), and Local Rule 26-6 before bringing the motions. While Plaintiff appears to claim that he met and conferred via email, Local Rule IA 1-3(f) requires that a meet and confer be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. That rule further explains that "[t]he exchange of written, electronic, or voice-mail communications does not satisfy this requirement." LR IA 1-3(f). Because Plaintiff has not shown that he met and conferred with the Defendant before bringing his motions, the Court denies them without prejudice. *See* LR 26-6(c).

**IT IS THEREFORE ORDERED** that the parties' discovery plan (ECF No. 29) is **denied without prejudice.** The parties shall file a renewed discovery plan correcting the issues outlined in this order on or before **November 21, 2025.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 31) and motion for protective order (ECF No. 35) are **denied without prejudice.**

DATED: November 7, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE