# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL BRADLEY, | Case No.: 2:25-cv-01045-APG-DJA |
| Plaintiff | **Order Denying (1) Motion for Summary Judgment, (2) Motion to Dismiss, and (3) Motion to File Surreply** |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, | [ECF Nos. 10, 15, 25] |
| Defendant | |

Michael Bradley is suing Equifax Information Services, LLC for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. ECF No. 1. Before Equifax appeared in this case, Bradley moved for summary judgment, contending there are no disputed facts and Equifax's "liability is established as a matter of law." ECF No. 10 at 1-2. Equifax responded to that motion by arguing there are plenty of facts in dispute and it needs to conduct discovery to determine all the defenses it can muster. ECF No. 26 at 5-6. Equifax separately moved to dismiss Bradley's complaint because the complaint "does not specify what information Equifax failed to provide and whether this information is actionable under § 1681g[, and it] fails to plead how [Bradley's] claimed damages were caused by Equifax's alleged failure to disclose information to" him. ECF No. 15 at 4 (simplified). I deny both motions because the complaint plausibly alleges violations of § 1681 and there are factual disputes at this early stage of the case, necessitating discovery.

Equifax argues that I should deny Bradley's motion for summary judgment under Federal Rule of Civil Procedure 56(d) because Equifax needs to conduct discovery before it can fully respond to the motion. ECF No. 26 at 3-4. Equifax has satisfied Rule 56(d) by providing a

declaration about the specific facts it hopes to discover that would defeat the motion. ECF No. 26-1.  Thus, good cause exists to deny the motion for summary judgment under Rule 56(d).

I deny Equifax's motion to dismiss because Bradley's complaint plausibly alleges a claim under the FCRA.  Bradley claims Equifax "violated 15 U.S.C. § 1681g by failing to provide [him] with all information in his consumer file upon request." ECF No. 1 at 2.  That statute requires Equifax to, "upon request, . . . clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request, except …." for various exceptions. 15 U.S.C. § 1681g(a)(1).  Bradley's complaint alleges he requested "full disclosure of all information in [his] consumer file." ECF No. 1 at 1.  That tracks 15 U.S.C. § 1681g(a).  And he alleges that Equifax "failed to provide the requested disclosures." *Id.*  That plausibly alleges a violation of the statute.

Equifax correctly points out that courts have narrowed the definition of "consumer's file" in the statute. ECF No. 15 at 4-5 (citing various cases).  But that is of no concern at this stage. While Bradley may not be entitled to everything, he's entitled to something (if properly requested).  His complaint alleges Equifax gave him nothing.  And he lists the injuries he suffered as a result of Equifax's conduct. ECF No. 1 at 2 ¶9.  That is sufficient to state a claim for relief.  Discovery will flesh out whether Bradley properly requested information, whether Equifax should have and did comply, and whether Bradley's alleged damages were the result of any violations.[1]

---

[1] Equifax also contends in its reply brief that Bradley "does not allege he requested his consumer disclosure using the centralized source designed to provide consumers with an annual copy of their consumer disclosure." ECF No. 24 at 2.  Because this argument was raised for the first time in the reply brief, I do not consider it. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").  Thus, I deny as moot Bradley's motion to file a surreply to address that argument. ECF No. 25.

1    I THEREFORE ORDER that Bradley's motion for summary judgment (ECF No. 10),

2    Equifax's motion to dismiss (ECF No. 15), and Bradley's motion to file a surreply (ECF No. 25)

3    are denied.

4    DATED this 12th day of December, 2025.

5

6    _____
     ANDREW P. GORDON
7    CHIEF UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23